## AMERICAN EXPRESS COMPANY OF NEW YORK *v.* KENTUCKY.

No. 583. Argued April 17, 18, 1907.—Decided May 13, 1907.

ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

Decided on authority of *Adams Express Company* v. *Kentucky*, *ante*, p. 129.

THE facts are stated in the opinion.

*Mr. Lawrence Maxwell, Jr.*, and *Mr. Edmund F. Trabue*, with whom *Mr. Joseph S. Graydon* was on the brief, for plaintiffs in error.[1]

*Mr. Napoleon B. Hays*, Attorney General of the State of Kentucky, with whom *Mr. Charles H. Morris* was on the brief, for defendant in error.[1]

---

[1] For abstracts of arguments see *ante*, p. 131 *et seq.*

MR. JUSTICE BREWER delivered the opinion of the court.

This case, like the two preceding, was a prosecution of the express company for a violation of the Kentucky statute in respect to "C. O. D." shipments. It was tried in the Circuit Court before a jury, which returned a verdict of guilty and fixed the penalty at one hundred dollars fine, which verdict was sustained and judgment entered thereon by the Circuit Court. The company appealed to the Court of Appeals, which affirmed the judgment, 97 S. W. Rep. 807, 30 Ky. Law Reporter, 207, and thereupon the case was brought here on writ of error.

The consignee testified that he did not give an order for the shipment, while there was testimony on behalf of the consignor that such an order was filed with it in the name of the consignee and the shipment made upon that order. The brief of the Attorney General in the Court of Appeals, after referring to the testimony of a witness on behalf of the company, said:

"It will appear from his evidence that he resides in Cincinnati, Ohio, and is manager for a wholesale liquor firm located in said city; that on March 21st, 1905, he received an order filed as an Exhibit 'X' from Richard Graham of Hodgensville, Ky., for an order of whiskey to be sent C. O. D., for the delivery of which the warrant herein was issued against the appellant company; that upon this order the whiskey in question was shipped to said Graham at Hodgensville, Ky., and delivered to him and the charges therefor paid to the appellant company, who returned the same to the said house or firm in Cincinnati, Ohio. There is no proof to show that the express company had any knowledge or information as to the contents of said package so delivered, and there is nothing to show any notice to it whatever of the contents of said package.

\*   \*   \*   \*   \*   \*   \*   \*

"We, however, desire the court to pass upon the question,

in order that the many complications growing out of transactions similar to this may be simplified, and the multitude of litigations growing out of the same lessened, whether or not a company similar to the appellant can legally accept the price for whiskey shipped into a local option district contrary to law, thus constitute itself a collecting agency for one who is under the shield of interstate commerce protected and permitted to ship whiskey into such districts. We are of opinion that an express company has no inherent right under the laws of this State or under the protection of interstate commerce to assume a duty not required of it, as a common carrier, and to do that which is in violation of the laws of this State. Because we believe that this record in its present shape does not show that the appeal from the police court to the Circuit Court of Larue County was properly and legally taken, and for the further reason that the express company has no right, in violation of law, to accept the price in a local option district of whiskey shipped C. O. D., we ask that the judgment be affirmed."

In view of the concession and contention of the Attorney General we are of the opinion that there is nothing to substantially distinguish this case from the preceding. The same judgment, therefore, will be rendered in this case as in those.

MR. JUSTICE HARLAN, dissenting.

I do not think that these are cases of legitimate interstate commerce. They show only devices or tricks by the express company to evade or defeat the laws of Kentucky relating to the sale of spirituous, vinous or malt liquors. I dissent from the opinion and judgment in each case.